United States District Court Middle District of Tennessee

FILED
2014 JUN -9 PM 1:36
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

)  Craig Cunningham
)  Plaintiff, pro se
)
)     v.
)
)                              CIVIL ACTION NO.
)
)  First Source Advantage
)  Defendants.

## Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248 Nashville, TN 37211

2. The Defendant First Source Advantage is a debt collector as defined by the FDCPA and can be served at 205 Bryant Woods South, Amherst, New York, 14228.

### Jurisdiction

3. Jurisdiction of this court arises as the acts happened in this county.

4. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

5. In 2014, the Plaintiff has received multiple automated calls with from the Defendant in this case. These calls were an attempt to collect a debt from a person

1

who is not the Plaintiff. The Defendant Debt collector is not licensed in the state of Tennessee as a debt collector, and as such the calls were immediately illegal and violated the FDCPA.

6. The calls violated two key elements of the Telephone Consumer protection act, 47 USC 227 as they were initiated by an automatic telephone dialing system.

7. These phone calls were repetitive in nature and often times multiple calls were placed in a short time frame. In fact, when the Plaintiff called the defendant back to ascertain their identify, another debt collector from the same entity called the Plaintiff literally 20 seconds later. Again, this suggests the harassing nature of the telephone calls by the Defendant.

8. The Defendants claim they weren't calling for the Plaintiff, refuse to identify themselves and hangup, but then call immediately right back while the Plaintiff is on the other line with another debt collector from the same identical company. The Plaintiff had two of their debt collectors tying up the Plaintiff's telephone number for no reason at all while trying to illegally collect a debt in the state of Tennessee without a license.

9. In summary, the defendants repeatedly violated the TCPA and in turn are liable to the Plaintiff for $1500 for the automated nature of the calls. Additionally, the do not call provision of the TCPA were violated by the Defendants not removing the Plaintiff's phone number and immediately calling the Plaintiff back. A total of $4500 per call is sought by the Plaintiff. There were two total calls to the Plaintiff.

10. Additionally, the Plaintiff's rights under the FDCPA were violated. The Defendants violated the FDCPA by taking action they can't legally do by

attempting to collect a debt without a license, causing the Plaintiff's phone to ring in a harassing manner in an attempt to collect a debt, by violating the TCPA in their attempt to collect a debt, they took illegal action in an attempt to collect a debt, which violates the FDCPA, violating 15 USC 1692c by improperly contacting a third party knowing the Plaintiff had nothing to do with the alleged debt being collected, failing to identify his employer despite being explicitly asked by the Plaintiff.

## CAUSES OF ACTION:

### COUNT I

### Violations of the TCPA (47 USC 227)

Defendants violated the TCPA by placing automated calls to the Plaintiff's cell phone.

### Count II

### Violations of the TCPA 47 usc 227

Defendants violated the do not call provisions of the TCPA by immediately calling the Plaintiff back after identifying that the Plaintiff was not the right party

### Count III

### Violations of the FDCPA, 15 USC 1692

Defendants violated the FDCPA in their conduct in this case by impermissible contacts, not being licensed in the state of Tennessee, and by making harassing phone calls.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Actual damages

C. Pre-judgment interest from the date of breach.

D. Statutory damages of $5,500

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

Craig Cunningham

5543 Edmondson Pike ste 248

Nashville, tn 37211

615-348-1977
June 7th 2014

United States District Court Middle District of Tennessee

) Craig Cunningham
) Plaintiff, pro se
)
) v.          CIVIL ACTION NO.
)
) First Source Advantage
) Defendants.

## Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248 Nashville, TN 37211

2. The Defendant First Source Advantage is a debt collector as defined by the FDCPA and can be served at 205 Bryant Woods South, Amherst, New York, 14228.

### Jurisdiction

3. Jurisdiction of this court arises as the acts happened in this county.

4. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

5. In 2014, the Plaintiff has received multiple automated calls with from the Defendant in this case. These calls were an attempt to collect a debt from a person

1

who is not the Plaintiff. The Defendant Debt collector is not licensed in the state of Tennessee as a debt collector, and as such the calls were immediately illegal and violated the FDCPA.

6. The calls violated two key elements of the Telephone Consumer protection act, 47 USC 227 as they were initiated by an automatic telephone dialing system.

7. These phone calls were repetitive in nature and often times multiple calls were placed in a short time frame. In fact, when the Plaintiff called the defendant back to ascertain their identify, another debt collector from the same entity called the Plaintiff literally 20 seconds later. Again, this suggests the harassing nature of the telephone calls by the Defendant.

8. The Defendants claim they weren't calling for the Plaintiff, refuse to identify themselves and hangup, but then call immediately right back while the Plaintiff is on the other line with another debt collector from the same identical company. The Plaintiff had two of their debt collectors tying up the Plaintiff's telephone number for no reason at all while trying to illegally collect a debt in the state of Tennessee without a license.

9. In summary, the defendants repeatedly violated the TCPA and in turn are liable to the Plaintiff for $1500 for the automated nature of the calls. Additionally, the do not call provision of the TCPA were violated by the Defendants not removing the Plaintiff's phone number and immediately calling the Plaintiff back. A total of $4500 per call is sought by the Plaintiff. There were two total calls to the Plaintiff.

10. Additionally, the Plaintiff's rights under the FDCPA were violated. The Defendants violated the FDCPA by taking action they can't legally do by

attempting to collect a debt without a license, causing the Plaintiff's phone to ring in a harassing manner in an attempt to collect a debt, by violating the TCPA in their attempt to collect a debt, they took illegal action in an attempt to collect a debt, which violates the FDCPA, violating 15 USC 1692c by improperly contacting a third party knowing the Plaintiff had nothing to do with the alleged debt being collected, failing to identify his employer despite being explicitly asked by the Plaintiff.

## CAUSES OF ACTION:

### COUNT I

### Violations of the TCPA (47 USC 227)

Defendants violated the TCPA by placing automated calls to the Plaintiff's cell phone.

### Count II

### Violations of the TCPA 47 usc 227

Defendants violated the do not call provisions of the TCPA by immediately calling the Plaintiff back after identifying that the Plaintiff was not the right party

### Count III

### Violations of the FDCPA, 15 USC 1692

Defendants violated the FDCPA in their conduct in this case by impermissible contacts, not being licensed in the state of Tennessee, and by making harassing phone calls.

3

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Actual damages

C. Pre-judgment interest from the date of breach.

D. Statutory damages of $5,500

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

Craig Cunningham

5543 Edmondson Pike ste 248

Nashville, tn 37211

615-348-1977
June 7th 2014